F.J. ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 560–87.

Court of Criminal Appeals of Texas, En Banc.

May 10, 1989.

Paul Tatum, Nacogdoches, for appellant.

Herbert B. Hancock, Dist. Atty., and Timothy James, Asst. Dist. Atty., Nacogdoches, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted by a jury of theft, a third degree felony. V.T.C.A., Penal Code Sec. 31.03(e)(4)(B). The State having alleged and proven that appellant had previously been finally convicted of the felony of burglary of a habitation, the jury found the enhancement allegations to be true and assessed appellant's punishment at ten years in the Texas Department of Corrections and a $3,000.00 fine. V.T.C.A., Penal Code Sec. 12.42(a). The Court of Appeals affirmed the conviction. *Allen v. State*, 726 S.W.2d 636 (Tex.App.—Eastland, 1987).

■ We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred when it overruled appellant's point of error that the State failed to justify its use of peremptory challenges under the decision of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The instant cause was pending appeal when the Supreme Court's opinion in *Batson* was handed down. As a result, *Batson* would apply to appellant's case retroactively. *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). In resolving this point of error, the Court of Appeals rejected appellant's argument for two reasons: appellant failed to establish a prima facie case of purposeful discrimination in the district attorney's use of peremptory challenges; and secondly, appellant failed to assert his *Batson* objection until after the completion of his trial. *Allen, supra* at 640.

During the selection of the jury in the instant case, the attorney for the State addressed the prospective jurors as a group. The prosecutor singled out only one juror for individual questions, Mrs. Barbara Scoggins, but she was not one of the subjects of appellant's *Batson* argument. When voir dire was concluded, both sides submitted their lists of peremptory challenges of the prospective jurors to the District Clerk. The State struck each of the three black prospective jurors on the panel, whereas appellant did not use a peremptory challenge against any of the three. At no time before or after the twelve jurors took their oath did the appellant object to the exclusion of all the potential jurors who were the same race as himself. Appellant also did not object to the all-white jury during his trial, or before the imposition of his sentence on March 18, 1986.

On March 23, 1986, appellant filed a motion for new trial in which he argued there

had been insufficient evidence at his trial to convict him. Appellant first objected to the racial composition of the jury on May 2, 1986 (45 days after the imposition of sentence) when he filed a motion entitled Motion to Set Aside Jury Findings of Guilt. The trial court conducted a hearing on appellant's motions, on May 13, 1986. At the conclusion of the hearing, the trial court overruled the May 2nd motion as being untimely and without merit.

 Recently, this Court decided the cases of *Mathews v. State*, 768 S.W.2d 731 (Tex.Cr.App.1989) and *Williams v. State* (No. 69,582, Tex.Cr.App., June 22, 1988) (motion for rehearing overruled, April 12, 1989). In both cases, a defendant's conviction was pending on appeal at the time *Batson* was handed down by the Supreme court. This Court decided where the defendant has failed, at the least, to call the trial court's attention to the composition of the jury "at some point during the pendency of the trial," the defendant had, consequently, failed to preserve error and presented nothing for review. *Mathews, supra,* at 732, and *Williams, supra,* slip op. at 18. This Court held the defendants could not raise their *Batson* objections for the first time on appeal.

In the instant case, appellant raised his *Batson* objection for the first time in a post-trial motion which was not filed within thirty days of the imposition of sentence. Art. 40.05, V.A.C.C.P. (repealed 1986); Tex. R.App.Proc. Rule 31(a). By the time this motion was heard, the prosecutor no longer had an independent recollection of the three black prospective jurors whom he struck. Being two months after the voir dire and trial, the prosecutor no longer had his trial notes from voir dire and could not recall the reasons he struck the three black prospective jurors. Counsel for appellant did not testify at the hearing on the untimely motion. As a result, neither the State nor appellant were able to offer sufficient proof in the instant case to resolve the *Batson* issue. These deficiencies in the record demonstrate the need for a timely objection from appellant that the prosecutor's use of peremptory challenges were designed to exclude from the jury members of appellant's race. Appellant's failure to raise his objection in a timely fashion bars review of the alleged *Batson* error on appeal. *Mathews, supra;* and *Williams, supra.* For this reason alone, appellant's ground for review is overruled.

The judgment of the Court of Appeals is affirmed.

TEAGUE and MILLER, JJ., dissent for the reasons given in the dissenting opinion in *Mathews v. State*, 768 S.W.2d 731 (Tex. Cr.App.1989).